IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JEFF CHANDLER, | § | |
| Petitioner, | § | |
| | § | B-01-97 |
| V. | § | ~~MISCELLANEOUS NO. B-01-010~~ |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

United States District Court
Southern District of Texas
FILED

JUN 11 2001

Michael N. Milby
Clerk of Court

**RESPONDENT JOHNSON'S MOTION FOR MORE DEFINITE STATEMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, Respondent ("the Director"), by and through his attorney, the Attorney General of Texas, and files this his Motion for More Definite Statement with Brief in Support.

**I.**

**BACKGROUND**

This is a habeas corpus case brought by Jeff Chandler, ("Chandler"), under 28 U.S.C. §§ 2241, 2254. Chandler's federal petition was filed on April 10, 2001. Fed. Writ Pet. at 1. By order of this court, the Director's response is due on or before June 6, 2001.

**II.**

**DENIAL**

Subject to this motion for a more definite statement, the Director denies each allegation of fact made by Chandler except those supported by the record and those specifically admitted herein.

**III.**

**STATEMENT OF THE CASE**

The Director has custody of Chandler pursuant to a judgment and sentence in the 197th Judicial District Court of Cameron County, Texas, in cause number 93-CR-1630-C, styled *The State*

*of Texas v. Jeff Chandler*. Exhibit A with attached explanations. Chandler pleaded no contest to the felony offense of theft by use of hot checks. Exhibit A. On May 2, 1994, the trial court accepted his plea and assessed punishment of imprisonment for ten years. Exhibit A. On September 6, 2000, Chandler was released to parole. Exhibit B at 2.

## IV.
## PETITIONER'S ALLEGATIONS

The Director was assigned this case on May 17, 2001. However, upon review of Chandler's federal petition, the Director asserts that it fails to provide sufficient facts to put the Director on notice of the true nature of his federal habeas claims.

## V.
## RESPONDENT'S MOTION FOR A MORE DEFINITE STATEMENT

Chandler's federal petition fails to provide sufficient facts to put the Director on notice of the true nature of his federal habeas claims. In order to make an informed response, the Director requests that Chandler be required to make a more definite statement pursuant Rule 12(e) Federal Rules of Civil Procedure, which provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just. FED. R. CIV. P. 12(e).

As a general rule, motions for a more definite statement are held in disfavor by federal courts. *See, e.g., Resolution Trust Corp. v. Gershman*, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993). Similarly, "[a] motion for more definite statement is designed to strike at unintelligibility in a pleading, not just a claimed lack of detail. (citations omitted). A Rule 12(e) motion is not a substitute for discovery." *In re Argo Communication Corp.*, 134 B.R. 776, 798 (Bankr. S.D.N.Y. 1991). Therefore, a motion

2

for more definite statement contemplates a major ambiguity or omission in a complaint which renders it unanswerable. *United Ins. Co. of America v. B.W. Rudy, Inc.*, 42 F.D.R. 398, 403 (E.D. Pa. 1962).

A court may grant a Rule 12(e) motion when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." 5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure, Civil 2d, S 1376 (1990); *Sun Company, Inc. R & M v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 368 (E.D. Pa. 1996); *Hicks v. Arthur*, 843 F. Supp. 949, 959 (E.D. Pa. 1994); *Blue Line Coal Co., Inc. v. Equibank*, 683 F. Supp. 493, 498 (E.D. Pa. 1988). Thus, even though a complaint may contain a viable legal theory, but is so vague and ambiguous that an opposing party cannot respond, either because it is conclusory, inarticulate or for other reasons, the appropriate remedy is a motion for more definite statement. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959); *Jones v. Metropolitan Denver Sewage Disposal Dist. No. 1*, 537 F. Supp. 966, 969 (D. Colo. 1989).

In most lawsuits, the federal rules of civil procedure favor liberal "notice" pleading that provides "a short and plain statement of the claim showing that the pleader is entitled to relief." *E.g.*, FED. R. CIV. P. 8(a). Morever, the liberal notice pleading is also tempered with a defendant's right to be apprised of the facts upon which the plaintiff relies by way of liberal discovery rules. *E.g.*, FED. R. CIV. P. 26(b)(1).

However, in federal habeas corpus actions, discovery procedures are generally not allowed, or are very limited and occur only where the federal district court specifically finds there is "good cause shown." Rule 6, Rules Governing Section 2254 Cases in the United States District Courts; *Bracy v. Gramley*, 520 U.S. 899, 908-09, 117 S. Ct. 1793, 1799 (1997); *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998), *cert. denied*, 526 U.S. 1089, 119 S. Ct. 1501 (1999). Moreover, discovery is not an appropriate tool in this case where it is not the basis of Chandler's claim that is in doubt but the nature of the claim.

The Director understands a *pro se* prisoner complaint is governed by "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595

(1972); *Hogan v. Midland County Com'rs Court*, 680 F.2d 1101, 1103 (5th Cir. 1982). While a prisoner's complaint may be dismissed where it is frivolous or malicious, the threshold issue is an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded. *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976). "A claim is frivolous only if it is without arguable merit both in law and in fact." *Hogan*, 680 F.2d at 1103.

The Director is not able to ascertain from Chandler's federal petition what his claims are, if they are exhausted or procedurally barred, or what relief he is seeking. As a result, Chandler should be required to state his claims with specificity and to articulate the relief he is seeking.

## VI.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that this court order Chandler to either replead his complaint or provide a more definite statement concerning his alleged claims. The Director requests thirty (30) days from receipt of Chandler's more definite statement to file his answer. In the event Chandler notifies the court that a more definite statement is not forthcoming, the Director recommends that Chandler's petition be dismissed as a frivolous filing under 28 U.S.C. § 1915A(b). Otherwise, the Director will move the court to dismiss Chandler's petition for failing to state a claim upon which relief may be granted, in accordance with F.R.C.P. 12(b)(6).

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

_____

*Lead Counsel

*MICHAEL J. BARRON
Assistant Attorney General
State Bar No. 24025238

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Jeff Chandler, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

_____
MICHAEL J. BARRON
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Michael J. Barron, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion for More Definite Statement with Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 6th day of June, 2001, addressed to:

Jeff Chandler
Cameron County Jail
954 East Harrison
Brownsville, Texas 78520

_____
MICHAEL J. BARRON
Assistant Attorney General

5

# EXHIBIT A

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION
# COMMITMENT INQUIRY INFORMATION

The Director does not have a copy of the judgment and sentence documenting Chandler's conviction in cause number 93-CR-1630-C. However, the Director includes the TDCJ-ID computer generated commitment inquiry with the following explanations:

a) "OFFCD:" - is followed by the National Crime Information Center offense code followed by the specific offense for this holding conviction, as follows:

"23270000 THEFT - USE OF HOT CHECKS" - Theft by the use of hot checks.

b) The term "PLEA: C" - reflects Chandler pled no contest to this offense.

c) "CAUSE: 93-CR-1630-C" - reflects the criminal district court cause number for this case.

d) "CNTY OFF: 031" - 031 indicates the offense for this conviction occurred in Cameron County, Texas, with 031 being the TDCJ-ID numeric designator for Cameron County.

e) "CNTY/CRT: 031 / 197" - identifies the county where the conviction occurred and the convicting judicial district court for this case as Cameron County, Texas, in the 197th Judicial District Court, (cause number 93-CR-1630-C).

f) "MAX TERM: 10Y 0M 0D - reflects the sentence assessed in cause number 93-CR-1630-C as ten years.

g) "MAX: 06-08-2004" - reflects when Chandler will discharge his conviction in cause number 93-CR-1630-C on June 8, 2004.

h) "SENTENCED: 05-02-1994" - reflects the date the sentence was assessed May 2, 1994, in cause number 93-CR-1630-C.

```
CSIMF800/INI801                    C      TMENT INQUIRY              05    01 11:07:35
INMTCICS/LHA9541 /JC03    TDCJ-ID    :  00673503 SIDNO: 02833451
   NAME: CHANDLER,JEFF                     APPL:       STATUS: P DK   S2 I #OFF: 02
   OLD TDC#: 00673503 CNTY CONV: 031                                         72ND
   OFF-REC:    2327 PRJ RL: 01-18-2001 REC:   07-09-1994 MAX-TERM:  10Y  0M  0D
   PEN-REC: 031.030 MAX-EX: 06-08-2004 BEGIN: 11-12-1993 PAR-ELIG: 01-01-0001
                                                         INMATE TYPE: ID
     OFFCD: 35420000 POSS CONTROLLED SUBSTANCE                               65TH
       PENAL:481.115  MS:Y PLEA:G CAUSE:83-CR-956-C      CNT:     OFF:07-22-1983
       CC  CNTY OFF:031  CNTY/CRT:031 197 MAX TERM:    8Y  0M  0D BEG:08-07-1990
       MIN EXP:09-06-2000 MAX:05-15-2001 PAR ELIG:01-01-0001 SENTENCED:10-01-1990
       OFF TDCNO: 00565286                              CTO DATE 01-01-0001
     OFFCD: 23270000 THEFT-USE OF HOT CHECKS                                  72ND
       PENAL:031.030  MS:Y PLEA:C CAUSE:93-CR-1630-C     CNT:     OFF:07-26-1993
       CC  CNTY OFF:031  CNTY/CRT:031 197 MAX TERM:   10Y  0M  0D BEG:11-12-1993
       MIN EXP:01-18-2001 MAX:06-08-2004 PAR ELIG:01-01-0001 SENTENCED:05-02-1994
       OFF TDCNO: 00673503                              CTO DATE 01-01-0001




 PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
 END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

ClibPDF - www.fastio.com

# EXHIBIT B

ClibPDF - www.fastio.com

# State of Texas

TDCJ-BPP

DPS NO: 02833451

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

## Certificate of Parole

**KNOW ALL MEN BY THESE PRESENTS:**

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| CHANDLER, JEFF | 00673503    B |
|---|---|
| Name | TDCJ No. |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for PAROLE under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Parole to the confines of the state and that he shall be deemed on parole and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

HARLINGEN DPO
232 HANMORE DRIVE
HARLINGEN, TX 78550

Go directly to your approved residential plan. Report to your Parole Officer by 9 A.M. the first working day after release date. Failure to do so will cancel further gate money & result in the issuance of arrest warrant.

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of parole. The period of parole shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under parole is also calculated as calendar time. This permit to be at liberty on parole is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s) or specifying the context in writing below or in an attachment hereto. This certificate shall become effective when eligibility requirements for parole under Art. 42.18 C.C.P. have been attained by said inmate and when all rules and conditions both general and special are agreed to by said inmate. BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.

**SPECIAL CONDITIONS**

(1) S    (2) I    (3) C    (4) O

Legal County of Residence : CAMERON
Approved County of Release: CAMERON
                    Due To:

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE ___23RD___ DAY OF ___AUGUST___, __2000__

BOARD OF PARDONS AND PAROLES

If Parole is satisfactorily completed, Discharge Date will be  6-5-2004

RULES AND ~~NE.~~ CONDITIONS OF PAROLE RELEASE A~~~ PR(~~ ED BY
~~E~~ TEXAS DEPARTMENT OF CRIMINAL JUST.
PARDONS AND PAROLES DIVISION, ART 42 18, C.C.P.

In consideration of the parole granted to me by the Board of Pardons and Paroles (Board) I do hereby accept such parole. I recognize that my parole release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board and the Pardons and Paroles Division.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, possess, use, sell, nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. The releasee shall avoid association with persons of criminal background.
7. The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Division Director.
8. Abide by any Special Condition(s) imposed by the Board and the Pardons and Paroles Division; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9. General Provisions
    a. I hereby agree to abide by all rules of Parole and all laws relating to the revocation of Parole including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Parole or under Parole jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
    b. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
    c. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Parole by the Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where may be found; I do hereby further agree that I will not in any manner contest any effort by the state of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

C. Releasee shall not open a checking account.
D. Release to detainer or plan. (See attachment)
E. Releasee must attend basic education or vocational training as directed by supervising parole officer.
H. Halfway House Placement. (See attachment).
I. Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved.
L. Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.
M. Releasee shall comply with Sex Offender Registration Program.
O. Releasee shall comply with any other condition as specified herein. (See attachment)
P. Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.
R. (Instate) Make restitution payments as required by supervising parole officer in a specified amount.
(Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice, Pardons and Paroles Division (P.O.Box 13401, Capitol Station, Austin, Texas 78711); in a specified amount.
S. Releasee shall submit to substance(alcohol/narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions, or related requirements as directed by the supervising parole officer.
V. Releasee shall not contact victim(s).
Z. Releasee shall not enter the specified county without prior written approval.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Parole shall be sufficient cause for revocation of Parole; and I further understand that when a warrant or a summons is issued charging a violation of Parole rule or special conditions the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should such Parole be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Parole I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Pardons and Paroles Division and that I will receive credit on my sentence day for day (without commutation time); I further understand and do agree that in the event of revocation of this release on Parole, time spent on Parole will not be credited to my sentence.

AGREED AND SIGNED
on this date SEP 06 2000    Inmate's Signature  /s/ Jeff Chandler

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

/s/ [signature]                                                                                SEP 06 2000
PARDONS AND PAROLES DIVISION REPRESENTATIVE                                     DATE

PSL - 31 (9/92)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *JEFF CHANDLER,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | MISCELLANEOUS NO. B-01-010 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## ORDER

CAME ON this day for consideration Respondent Johnson's Motion for More Definite Statement, and the Court having considered said motion is of the opinion that it has merit and should be GRANTED.

The Court finds and confirms that Chandler has failed to provide sufficient facts to put the Director on notice of the true nature of his federal habeas claims. As such, Chandler is ordered to provide this Court with a more definite statement.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED that Respondent's Motion for More Definite Statement be, and is hereby GRANTED.

Chandler is HEREBY GRANTED leave of Court to amend his petition and is ORDERED to do so by supplying this Court with a more definite statement under Rule 12(e), Federal Rules of Civil Procedure. Chandler shall accomplish this by either repleading his complaint or amending his complaint with a more definite statement and filing such answer with the Court and serving opposing counsel with a copy thereof. Chandler is ORDERED to do so within thirty days from the entry of this order.

It is FURTHER ORDERED that upon receipt of Chandler's more definite statement, the Director shall have thirty days within which to file a responsive pleading. Chandler is warned that a failure to provide the Court with a more definite statement may result in his pleadings being stricken or other sanctions by this Court.

SIGNED on this the _____ day of _____, 2001.

_____
JUDGE PRESIDING