9

United States District Court
Southern District of Texas
FILED

AUG 3 1 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *JEFF CHANDLER,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-01-097 |
| | § | |
| *JANIE COCKRELL,*[1] *DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION TO DISMISS FOR FAILURE TO EXHAUST
STATE COURT REMEDIES WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional

Division, Respondent ("the Director"), by and through her attorney, the Attorney General of Texas,

and files this her Motion to Dismiss for Failure to Exhaust State Court Remedies with Brief in

Support.

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C.

§§ 2241, 2254.

**II.**

**DENIAL**

The Director denies each allegation of fact made by Petitioner, Jeff Chandler ("Chandler"),

except those supported by the record and those specifically admitted herein.

---

[1]    The previous named Respondent in this action was Gary L. Johnson. On August 1, 2001, Janie Cockrell
succeeded Johnson as Director of the Texas Department of Criminal Justice, Institutional Division. Under Rule
25(d)(1) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

## III.

### STATEMENT OF THE CASE

The Director has lawful custody of Chandler pursuant to a judgment and sentence in the 197th Judicial District Court of Cameron County, Texas, in cause number 83-CR-956-C, styled *The State of Texas v. Jeff Chandler*. Exhibit A with attached explanations. Chandler pleaded guilty to the felony offense of possession of a controlled substance, and, on October 1, 1990, the trial court found Chandler guilty and punishment was assessed at imprisonment for eight years. Exhibit A. The Director also has lawful custody of Chandler pursuant to a judgment and sentence in the 197th Judicial District Court of Cameron County, Texas, in cause number 93-CR-1630-C, styled *The State of Texas v. Jeff Chandler*. *Ex parte Chandler*, Application No. 34,940-01, at 20-22. On November 10, 1993, Chandler was indicted for the felony offense of theft by use of hot checks. *Id.* at 15. Chandler pleaded nolo contendere, and, on May 2, 1994, the trial court found him guilty and assessed punishment of imprisonment for ten years. *Id.* at 20-22. On July 2, 1997, Chandler filed an application for state writ of habeas corpus challenging the forfeiture of good time credits associated with a parole revocation in cause number 93-CR-1630-C. *Id.* at 1. On October 8, 1997, the Texas Court of Criminal Appeals denied Chandler's application without written order. *Id.* at cover.

The Director also has lawful custody of Chandler pursuant to an eight year sentence assessed on April 30, 2001, after pleading nolo contendere to the second-degree felony offense of theft in the 107th Judicial District Court of Cameron County, Texas, in cause number 98-CR-1516-A. Exhibit A. There is no record that Chandler has filed an application for state writ of habeas corpus regarding his conviction in cause number 98-CR-1516-A.[2]

---

[2] The Director contacted the Cameron County District Clerk's Office on August 28, 2001, and learned that they have no record of Chandler filing an application for state writ of habeas corpus. Additionally, the Clerk's Office of the Texas Court of Criminal Appeals indicates that they have no record of any application for writ of habeas corpus under cause number 98-CR-1516-A. Exhibit B.

CUtePDF - www.texiss.com

## IV.

### PETITIONER'S ALLEGATIONS

The Director understands Chandler to allege the following grounds of error:

1)   He was not taken before a magistrate for arraignment on the theft charge in cause number 98-CR-1516-A;

2)   He was never given bond in cause number 98-CR-1516-A, however he was arrested for the forfeiture of his bond;

3)   He was never indicted in cause number 98-CR-1516-A; and

4)   He is entitled to time credit from October 13, 1998, to September 6, 2000.

Fed. Writ Pet. at 1-2.

## V.

### STATE COURT RECORDS

The Director is forwarding to the court a copy of Chandler's state writ of habeas corpus, *Ex parte Chandler*, Application No. 34,940-01, wherein he challenges the forfeiture of good time credits associated with a parole revocation in cause number 93-CR-1630-C.

## VI.

### RESPONDENT COCKRELL'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES WITH BRIEF IN SUPPORT

**A.   Standard of review.**

Chandler's original federal writ was filed with the court on April 10, 2001. Fed. Writ Pet. at 1. Consequently, the petition is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). *Nobles v. Johnson*, 127 F.3d 409, 415 (5th Cir. 1997).

The AEDPA provides that:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

3

CSXPDF - www.fastio.com

(A)     the applicant has exhausted the remedies available in the courts of the State;
or

(B)(i)   there is an absence of available State corrective process; or

(ii)   circumstances exist that render such process ineffective to protect the rights
of the applicant.

(2)     An application for a writ of habeas corpus may be denied on the merits,
notwithstanding the failure of the applicant to exhaust the remedies available in the
courts of the State.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the
courts of the State, within the meaning of this section, if he has the right under the
law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254 (b), (c), (2001).

## B.      Chandler has failed to exhaust his state court remedies.

Under 28 U.S.C. §§ 2254(b), (c), a state prisoner's post-trial application for a federal writ

of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies.

This simply means a petitioner must have first provided to the highest court of the state a fair

opportunity to apply (1) the controlling federal constitutional principles to (2) the same factual

claims, before a federal court will entertain the alleged errors. *Duncan v. Henry*, 513 U.S. 364, 367,

115 S. Ct. 887, 888 (1995); *Picard v. Connor*, 404 U.S. 270, 275, 277-78, 92 S. Ct. 509, 512-513

(1971); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982); *Rose v. Lundy*, 455 U.S.

509, 510, 102 S. Ct. 1198, 1199 (1982); *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert.

denied*, 501 U.S. 1235, 111 S. Ct. 2862 (1991). Thus, comity is invoked to give the state courts

an opportunity to consider the same factual grounds under the identical legal theories before

permitting a petitioner to bring those constitutional claims to a Federal Court.

The Court of Criminal Appeals is the highest court in Texas which has jurisdiction to review

Chandler's claims. TEX. CODE CRIM. PROC. ANN. art. 4.04 § 2 (Vernon Supp. 2001). The

exceptions to the requirement that administrative remedies be exhausted apply only in "extraordinary

circumstances." *DCP Farms v. Yeutter*, 957 F.2d 1183, 1188 (5th Cir. 1992), *cert. denied*, 506

4

U.S. 953, 113 S. Ct. 406 (1992); *Central States S.E. and S.W. Areas Pension Fund v. T.I.M.E.-D.C., Inc.*, 826 F.2d 320, 329 (5th Cir. 1987). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a *patently futile* course of action." *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985) (emphasis added). However, a federal habeas petitioner bears the burden of demonstrating the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In the Fifth Circuit, the position is "that the exhaustion requirement has consistently been construed in favor of giving the state the first opportunity to correct any alleged constitutional errors." *Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir.), *cert. denied sub nom., Joyner v. Phelps*, 479 U.S. 1010, 107 S. Ct. 653 (1986); *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983). Thus, the state courts must be given an opportunity to consider the same factual grounds under the identical legal theories before Chandler is permitted to bring his constitutional claims to this court.

Finally, the Texas Court of Criminal Appeals has held that an "[a]pplicant's habeas corpus claims alleging illegal confinement arising after his felony conviction, but not contesting the validity of the judgment, may be raised under [a] Code of Criminal Procedure Art. 11.07" post-conviction application for writ of habeas corpus. *Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000).

For these reasons, the instant federal habeas petition must be dismissed so that Chandler may provide the state courts with an opportunity to consider his allegations in a state writ of habeas corpus before a federal court reviews his claims.

## VII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director requests that Chandler's habeas petition be dismissed.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Lead Counsel

_____
*MICHAEL J. BARRON
Assistant Attorney General
State Bar No. 24025238

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT


## NOTICE OF SUBMISSION

To: Jeff Chandler, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

_____
MICHAEL J. BARRON
Assistant Attorney General

6

# EXHIBIT  A

CildPDF - www.fastio.com

Case 1:01-cv-00097   Document 9   Filed in TXSD on 08/31/2001   Page 8 of 13

```
CSIMF800/INI801          COMMITMENT INQUIRY          3/28/01 10:52:19
INMTCICS/LHA9541 /JC03  TDC  D NO: 00673503 SIDNO: 02833451
 NAME: CHANDLER,JEFF            APPL:      STATUS: P DC   L1 I #OFF: 03
 OLD TDC#: 00673503 CNTY CONV: 031                            73RD
 OFF-REC:   2399 PRJ RL: 10-30-2004 REC:   07-05-2001 MAX-TERM:  8Y  0M  0D
 PEN-REC: 031.030 MAX-EX: 02-19-2009 BEGIN: 02-19-2001 PAR-ELIG: 01-23-2002
                                               INMATE TYPE: TF
    OFFCD: 35420000 POSS CONTROLLED SUBSTANCE                       65TH
     PENAL:481.115 MS:Y PLEA:G CAUSE:83-CR-956-C       CNT:    OFF:07-22-1983
     CC  CNTY OFF:031  CNTY/CRT:031 197 MAX TERM:   8Y  0M  0D  BEG:08-07-1990
     MIN EXP:02-19-2001 MAX:10-28-2001 PAR ELIG:01-01-0001 SENTENCED:10-01-1990
     OFF TDCNO: 00565286                        CTO DATE 01-01-0001
    OFFCD: 23270000 THEFT-USE OF HOT CHECKS                         72ND
     PENAL:031.030 MS:Y PLEA:C CAUSE:93-CR-1630-C      CNT:    OFF:07-26-1993
     CC  CNTY OFF:031  CNTY/CRT:031 197 MAX TERM:  10Y  0M  0D  BEG:11-12-1993
     MIN EXP:02-19-2001 MAX:11-20-2004 PAR ELIG:01-01-0001 SENTENCED:05-02-1994
     OFF TDCNO: 00673503                        CTO DATE 01-01-0001
    OFFCD: 23990011 THEFT               2D                          73RD
     PENAL:031.030 MS:Y PLEA:C CAUSE:98-CR-1516-A      CNT:    OFF:04-29-1998
     CC  CNTY OFF:031  CNTY/CRT:031 107 MAX TERM:   8Y  0M  0D  BEG:02-19-2001
     MIN EXP:10-30-2004 MAX:02-19-2009 PAR ELIG:01-23-2002 SENTENCED:04-30-2001
     OFF TDCNO: 01046299                        CTO DATE 01-01-0001
PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

CSIMPDF - www.fasiio.com

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION COMMITMENT INQUIRY INFORMATION

The Director does not have copies of the judgments and sentences documenting Chandler's convictions in cause numbers 83-CR-956-C and 98-CR-1516-A.  However, the Director includes the TDCJ-ID computer generated commitment inquiry with the following explanations:

a)  "OFFCD:" - is followed by the National Crime Information Center offense code followed by the specific offenses for these holding convictions, as follows:

"35420000 POSS CONTROLLED SUBSTANCE" - Possession of a Controlled Substance;

"23990011 THEFT 2D" - Theft - Second Degree.

b)  "PENAL" - is followed by the specific Texas penal code violation, as follows:

"481.115" - Possession of a Controlled Substance;

"031.030" - Theft - Second Degree.

c)  "MS: Y" - indicates Chandler is eligible for mandatory supervision in cause numbers 83-CR-956-C and 98-CR-1516-A.

d)  The term "PLEA: G" - reflects Chandler pled guilty to the offense in cause number 83-CR-956-C;

The term "PLEA: C" - reflects Chandler pled nolo contendere to the offense in cause number 98-CR-1516-A.

e)  "CAUSE: 83-CR-956-C and 98-CR-1516-A" - reflects the criminal district court cause numbers for these cases.

f)  "CNTY OFF: 031" - 031 indicates the offenses for these convictions in cause numbers 83-CR-956-C and 98-CR-1516-A occurred in Cameron County, Texas, with 031 being the TDCJ-ID numeric designator for Cameron County.

g)  "CNTY/CRT: 031 / 197" - identifies the county where the conviction occurred and the convicting judicial district court for cause number 83-CR-956-C as Cameron County, Texas, in 197th Judicial District Court;

"CNTY/CRT: 031 / 107" - identifies the county where the conviction occurred and the convicting judicial district court for cause number 98-CR-1516-A as Cameron County, Texas, in 107th Judicial District Court.

CUtePDF - www.tesisx.com

h)     "MAX TERM: 8Y 0M 0D" - reflects the sentences  assessed in cause numbers 83-CR-956-C and 98-CR-1516-A as eight years.

i)     "SENTENCED: 10-01-1990" - reflects the date the sentence was assessed, October 1, 1990, in cause number 83-CR-956-C;

"SENTENCED: 04-30-2001" - reflects the date the sentence was assessed, April 30, 2001, in cause number 98-CR-1516-A.

# EXHIBIT  B

CVisPDF – www.fastio.com

## CLERK'S OFFICE

## COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as

part of my duties I have care and custody of the records of the Court. I have searched the records

and have found only one application for writ of habeas corpus number **34,940-01** in the name of

**Jeff Chandler.**

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 28th day of

August, A.D. 2001.

Troy C. Bennett, Jr., Clerk

By: _____

Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *JEFF CHANDLER,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-01-097 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## ORDER

On this day came before the Court for consideration Respondent Cockrell's Motion to Dismiss for Failure to Exhaust State Court Remedies and the Court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED, and DECREED that Respondent Cockrell's Motion is hereby GRANTED.

SIGNED this _____ day of _____, 2001.


_____
JUDGE PRESIDING