*12*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

SEP 18 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JEFF CHANDLER | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | CIVIL ACTION NO. B-01-097 |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION | § | |
|     Respondent. | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Respondent's Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division, ("Cockrell") Motion to Dismiss for Failure to Exhaust State Court Remedies (Docket No. 9).

### BACKGROUND FACTS

On October 1, 1990, the 197th Judicial District Court of Cameron County, Texas, found Jeff Chandler guilty for the felony offense of possession of a controlled substance. In cause number 83-CR-956-C, the trial court assessed a punishment of imprisonment for eight years.

Subsequently, on November 10, 1993, Chandler was indicted for the felony offense of theft by use of hot checks. After pleading no contest, the 197th Judicial District Court of Cameron County, Texas, in cause number 93-CR-1630-C, found him guilty and sentenced him to 10-years imprisonment. On July 2, 1997, Chandler filed an application for state writ of habeas corpus with respect to cause number 93-CR-1630-C, challenging the forfeiture of good time credits associated with a parole revocation. The Texas Court of Criminal Appeals denied Chandler's application

without written order.

Finally, on April 30, 2001, after pleading no contest to the second-degree felony offense of theft in the 107th Judicial District Court of Cameron County, Texas, in cause number 98-CR-1516-A, Chandler was sentenced to serve an eight-year imprisonment term. There is no record that Chandler has filed an application for state writ of habeas corpus regarding his conviction in cause number 98-CR-1516-A.

In Chandler's federal petition for habeas corpus relief (Docket No. 7), he alleges that in cause number 98-CR-1516-A, he was (1) never indicted; (2) not arraigned before a magistrate on the theft charge; and (2) never given bond, although he was arrested for the forfeiture of his bond. Chandler also claims that he is entitled to time credit from October 13, 1998, through September 6, 2000.

## DISCUSSION

**A.   *Chandler's allegation regarding good-time credits is not a constitutionally cognizable claim.***

"Federal habeas relief cannot be had 'absent the allegation by a [petitioner] that he or she has been deprived of some right secured to [him] by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Chandler's allegation that he is entitled to good-time credit does not implicate any federal constitutional error. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Randall v. Johnson*, 2001 WL 897064, *3 (N.D. Tex. 2001). State-prisoners in Texas simply "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Consequently, Chandler's allegation regarding good-time credits is not cognizable in a federal habeas corpus action and should be

ClibPDF - www.fastio.com

dismissed. *King v. Lynaugh*, 850 F.2d 1055, 1060 (5th Cir.1988) (*en banc*), *cert. denied*, 488 U.S. 1019 (1989).

### B. *Chandler has failed to exhaust all available state court remedies*

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his state court remedies by giving the state courts a fair opportunity to act on his constitutional claims before he presents those claims to a federal court in a habeas petition. 28 U.S.C.A. § 2254(c) (2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The state courts should have the first opportunity to review the claims and provide any necessary relief. *Id*. This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance. *Id*. at 845.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). These exceptions are codified in 28 U.S.C.A. § 2254(b)(B) (2001); however, they apply only in "extraordinary circumstances." *Fuller*, 11 F.3d at 62. A federal habeas petitioner bears the burden of demonstrating the futility of pursuing available remedies. *Id*.

In Texas, an applicant's habeas corpus claims alleging illegal confinement arising after his felony conviction, but not contesting the validity of the judgment, may be raised by a post-conviction application for writ of habeas corpus forwarded to the Court of Criminal Appeals. TEX. CRIM. PROC. CODE ANN. art. 11.07 (Westlaw 2001). The Court of Criminal Appeals is the highest court in Texas which has jurisdiction to review Chandler's claims. TEX. CRIM. PROC. CODE ANN. art. 4.04 § 2 (Westlaw 2001).

Chandler has not pursued all his available state remedies with respect to cause number 98-CR-1516-A. Furthermore, he has not demonstrated that state remedies are unavailable or that utilizing the state process would be ineffective to protect his rights. Because Chandler has failed to show that exhausting the available state court remedies would be futile, Chandler must give the Texas Court of Criminal Appeals the first opportunity to resolve his claims relating to cause number 98-CR-1516-A before a federal court may review these issues.

Accordingly, IT IS therefore **RECOMMENDED** that Cockrell's motion to dismiss for failure to exhaust state court remedies be **GRANTED**. IT IS further **RECOMMENDED** that this case be **DISMISSED** in its entirety.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 17th day of September, 2001.

John Wm. Black
United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## -BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| JEFF CHANDLER<br>  Petitioner, | § § § | |
| VS. | § § | |
| JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE,<br>INSTITUTIONAL DIVISION<br>  Respondent. | § § § § | CIVIL ACTION NO. B-01-097 |

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of September 17, 2001 should be **ADOPTED**.

IT IS **ORDERED** that Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (Docket No. 9) be **GRANTED**. IT IS further **ORDERED** that this case be **DISMISSED** in its entirety.

DONE in Brownsville, Texas, on this _____ day of _____, 2001.

                                              _____
                                              Filemon B. Vela
                                              United States District Court Judge